# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:05CR408** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **TENTATIVE FINDINGS** |
| ) | |
| **JUAN HERNANDEZ-RODRIGUEZ,** ) | |
| ) | |
| Defendant. ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 24).[1]  See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 17, 38 and 44, and also pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker,* 543 U.S. 220 (2005).  The objections are discussed below.

### ¶ 17 - Absence of a Felony Prior to Deportation

The PSR enhances the base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(D) based on the existence of a felony conviction prior to the Defendant's deportation. However, according to the government's version of the offense (¶ 7) and the Defendant's criminal history (¶¶ 26-40), it appears that the enhancement is in error.  The Court's tentative finding is that the objection is granted.

---

[1]The Court notes that it does not appear that objections were originally sent to the probation officer prior to completion of the final report, as required by ¶ 4 of the Order on Sentencing Schedule (Filing No. 21).  The Court notes that this requirement exists so that the probation officer may respond to, or amend, a PSR prior to submission of the final version to the sentencing judge.

***¶ 38 - Related Offenses***

The Defendant argues that because he was sentenced by the same judge, at the same time, and to the same sentence, in the cases described in ¶¶ 36 and 38 that the offenses should only count once with respect to his criminal history calculation. While in certain instances prior sentences are considered related if they were "consolidated" for sentencing, "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2 application note 3.

In this case, the PSR reflects an arrest date for the earlier offense of April 8, 2005 (¶ 36) and an arrest date for the latter offense of June 11, 2005 (¶ 38). Therefore, there was an intervening arrest. The objection is denied.

***¶ 44 - Alleged Gang Affiliation***

The information in ¶ 44 does not affect the sentencing guideline range and might be of use to the Bureau of Prisons. The objection is denied.

**Blakely *and* Booker**

The Defendant objects to any increase in offense level pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker,* 543 U.S. 220 (2005). Because the objection to ¶ 17 was granted, there are no enhancements to the base offense level. The objection is denied as moot.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's Objections to the Presentence Investigation Report (Filing No. 24) are granted in part and denied in part as follows:

      a.      The objection to ¶ 17 is granted;

      b.      The objections to ¶¶ 38 and 44 are denied;

      c.      The objection pursuant to *Blakely* and *Booker* is denied as moot;

2.    Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.    If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.    Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 27th day of March, 2006.

                                                  BY THE COURT:

                                                  s/Laurie Smith Camp
                                                  United States District Judge